UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21763-CIV-HUCK/O'SULLIVAN

JOSE ESCOBAR,

    Plaintiff,
v.

A.C.N. ROOFING, L.L.C. and,
JAMES M. SCARDINA, J.R.

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE

THIS MATTER came before the Court on the parties' Joint Motion to Approve Settlement Agreement and to Dismiss Case with Prejudice (DE# 19, 9/8/10) and the Court's order to show cause contained in the Order Re-scheduling Settlement Conference (DE# 20, 9/13/10).  The Court has heard from counsel and has considered the terms of the Settlement Agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA").  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues."  Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide dispute over whether the plaintiff is exempt from the FLSA. The Court has reviewed the terms of the Settlement Agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes. Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' Settlement Agreement (including attorney's fees and costs) is hereby **APPROVED**. It is further

**RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE** and that the Court retain jurisdiction until December 20, 2010 to enforce the terms of the settlement. The parties have consented to Magistrate Judge jurisdiction for any enforcement proceedings regarding the settlement. It is further

**ORDERED AND ADJUDGED** that the defendant has shown cause for his failure to appear at the September 13, 2010 settlement conference and that no sanctions will be imposed for the time incurred by the plaintiff's attorney in light of the parties' settlement.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **17th** day of September, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Judge Huck
All Counsel of Record
<u>Copies mailed by Chambers</u>:
James M. Scardina, Jr.
7325 SW 105 Terrace
Miami, FL 33156